INDIANAPOLIS & N. W. TRACTION CO. v. CONSOLIDATED
TRACTION CO.

CONSOLIDATED TRACTION CO. v. CITY OF CRAWFORDSVILLE et al.

(Circuit Court, D. Indiana. September 24, 1903.)

No. 10,219.

1. INJUNCTION—VIOLATION—CONSTRUCTION OF INTERLOCUTORY ORDER.

   A city filed a bill against a street railroad company to enjoin it from laying tracks in the streets. The defendant filed a cross-bill against the city and another company to enjoin the laying of tracks by the latter. On the adjournment of a hearing on motions for preliminary injunctions on both bill and cross-bill the court entered an order in two numbered paragraphs; the first continuing a restraining order entered on the original bill, and the second restraining both the defendants and the complainant in the cross-bill from laying tracks until the further order of the court. Before the further hearing the original bill was dismissed, and the defendant therein dismissed its cross-bill as to the city. *Held* that, the controversy on the cross-bill being between the two companies claiming conflicting rights, the second paragraph of the order related solely to such controversy, and properly restrained both parties from taking any action to change the status; that such order remained in force and was violated by the construction of tracks by the complainant in the cross-bill before any further hearing or order of the court.

In re proceeding for contempt against the Indianapolis & Northwestern Traction Company, George Townsend, Clift Wise, W. N. Harding, and William H. Johnston.

The city of Crawfordsville sued the Indianapolis & Northwestern Traction Company in the circuit court of Montgomery county, Ind., to enjoin that company from constructing its railroad tracks in the streets of that city. The traction company answered, and also filed a cross-complaint against the city of Crawfordsville and the Consolidated Traction Company. In this cross-complaint the Northwestern Traction Company asserted a franchise to construct its tracks in the streets of Crawfordsville; charged that the city had subsequently and without right granted a franchise to the Consolidated Traction Company, which impaired the obligation of the previous contract between the city and the Northwestern Traction Company, all in violation of section 10 of article 1 of the Constitution of the United States; and injunctive relief

was asked against both the defendants to the cross-complaint to restrain them from interfering with the Northwestern Traction Company in the construction of its tracks in the streets of the city of Crawfordsville.

On the 23d of June, 1903, the hearing was commenced in the Montgomery circuit court of an application for a temporary injunction by the city of Crawfordsville on its complaint against the Northwestern Traction Company, and also of an application by the Northwestern Traction Company for a temporary injunction on its cross-complaint against the city and the Consolidated Traction Company. It developed that the hearing could not be concluded that day, and the court ordered the further hearing adjourned until July 6, 1903, and at the same time entered the following order:

"It is hereby ordered by the court upon its own motion:

"(1) That the restraining order heretofore granted by the Hon. Jere West, judge of this court, on the 17th day of June, 1903, on the application and complaint of the City of Crawfordsville vs. Indianapolis and Northwestern Traction Company, be continued until the 6th day of July, 1903, and until the further order of this court, and that upon said day the application of said the city of Crawfordsville for a temporary injunction herein shall be heard without further notice, and that the undertaking heretofore filed shall continue as security to said defendant under this order.

"(2) That, upon the cross-complaint of Indianapolis and Northwestern Traction Company vs. The City of Crawfordsville and the Consolidated Traction Company, said defendants to said cross-complaint, and each of them, and their respective officers, agents, and servants, upon the execution by the cross-complainant of the undertaking required by law, be severally restrained from taking any action to change and from changing the present status of the matters embraced in said cross-complaint as they now exist, and that the said Consolidated Traction Company be restrained from entering upon and constructing, or attempting to construct, its said street railroad upon East Pike street, Elston avenue, and Main street, or any part thereof, in the city of Crawfordsville, until the 6th day of July, 1903, and until the further order of this court, and that upon said 6th day of July, 1903, the application of the said Indianapolis and Northwestern Traction Company for a temporary injunction herein be heard without further notice, and that until said last-mentioned date, and until the further order of this court, the Indianapolis and Northwestern Traction Company, its officers, agents, and servants, and employees, be, and it and they are hereby, restrained from constructing, or attempting to construct, any street railroad upon any of the streets, avenues, alleys, bridges, and public places in the city of Crawfordsville, or any part or portion thereof."

On July 6, 1903, and before the hearing of the applications for temporary injunctions was resumed, the city of Crawfordsville dismissed its complaint against the Northwestern Traction Company, and that company dismissed its cross-complaint against the city. Thereupon the Consolidated Traction Company immediately filed its petition and bond for a removal of the cause pending against it on the cross-complaint of the Northwestern Traction Company to this court, and an order of removal was entered by the Montgomery circuit court. The transcript of the record from the Montgomery circuit court was filed in this court on the 8th day of July, 1903, and on the 13th day of the same month the Northwestern Traction Company filed its motion to remand the cause.

Whilst this motion was still pending and undetermined, to wit, on July 27, 1903, the Northwestern Traction Company commenced the work of laying its railroad tracks in certain streets in the city of Crawfordsville, and continued the work until it had constructed 3,030 feet of track in Main street and Elston avenue, and 1,591 feet of track in Pike street.

The Consolidated Traction Company filed its verified petition, praying that the Northwestern Traction Company and certain individuals named in the petition be required to show cause why they should not be adjudged guilty of contempt, and that upon the hearing of the petition they be required, within a short time, to be fixed by the court, to remove from Main street, Elston avenue, and Pike street all the tracks that had been constructed in those streets. The motion to remand was overruled. A motion to quash the

petition and citation in the contempt proceedings was also overruled, and that petition was heard upon the answers of the respondents and upon written and oral testimony introduced at the hearing.

Harding, Hovey & Wiltsie, Elliott, Elliott & Littleton, and Miller, Elam & Fesler, for complainant.

John G. Williams and Crane & McCabe, for defendants.

BAKER, Circuit Judge (orally).   As I indicated when the motion to quash the citation was overruled, in my judgment the effect of the division of the order into two separate paragraphs, separately numbered, was very clear.   The first paragraph stated that on the complaint of the city against the Northwestern Company the Northwestern Company was restrained, and no other party was defendant to the complaint of the city except the Northwestern.   Upon the dismissal of the city's complaint, of course the injunctional order that was based upon that complaint fell with it.   That is indisputable to my mind.

The second paragraph of the order is one continuous sentence, showing that, on the cross-complaint of the Northwestern Company against the city and the Consolidated Company, the city and the Consolidated are restrained and the Northwestern is restrained.   I was unable then, and I am unable now, to view that in any other light than a just term that the court had power to impose, and did impose, upon a complainant whose complaint disclosed a controversy between it and the Consolidated Company as to rights in the streets of the city of Crawfordsville; that is, the Northwestern wanted to have the hands of the Consolidated tied pending an investigation of their respective rights, because there was a conflict in interest between the two companies.   In other words, both cannot occupy the same place at the same time, and it appeared right on the face of the Northwestern's bill that both of them were claiming rights that were in conflict.   If the Consolidated was not claiming anything that conflicted with the claims of the Northwestern, it would be utterly idle and useless for the Northwestern to ask any restraining order against the Consolidated; but it was asked because the Consolidated was shown by the Northwestern's bill to be making claims that were antagonistic to, and in conflict with, the claims the Northwestern was setting up in its bill.   Under such circumstances, I think any court, as a condition of tying the hands of one antagonist, should compel the other to respect the status also.

From the hearing to-day, I am convinced beyond any shadow of doubt that Judge Elliott, Mr. Will Elliott, Mr. Harding, Mr. Hovey, Mr. Wiltsie, and Mr. Johnston all entertained the belief, in good faith, that such was not the scope and effect of the order, but that the order was simply an enlargement of the order which was made on the motion of the city of Crawfordsville.   What Mr. Harding and Mr. William H. Johnston did in the way of driving spikes I look upon as being fully as trivial as what the oldest citizen did in driving the first spike on the first rail.

I will therefore discharge Mr. Harding and Mr. Johnston.

Mr. Townsend and Mr. Wise, I am satisfied beyond doubt from the evidence, had no intention to disrespect any order that had been

entered by the Montgomery circuit court. What they did was done in good faith, upon the advice of counsel who in good faith believed that they were advising their clients correctly. I will therefore discharge Mr. Townsend and Mr. Wise.

Of course, what I have said with respect to the attorneys and these superintendents would also acquit the Northwestern corporation, so far as any intention by it to violate a pending order of the Montgomery circuit court is concerned, and I do acquit the Northwestern Company, as well as these individuals, of any intentional violation of the order. But an order was in force, compelling both corporations to respect the status. That has veen violated. I will therefore not acquit the Northwestern of the charge, but, finding no bad faith, I will assess nothing against it in the way of punishment. No acts that have been done by it or in its behalf, I think, are worthy of any punitive judgment; but in this proceeding the Consolidated Company is entitled to have the status restored, and also to be made good in respect to its expense in calling this matter to the attention of the court.

I will therefore find the Northwestern guilty of having violated a valid injunctional order, and, as that injunctional order was made for the purpose of compelling the parties to preserve the status, I direct the marshal of this court to take up, at the expense of the Northwestern Company, all of the tracks that were put down by the Northwestern Company in violation of this injunctional order; but I suspend the operation of the order upon the marshal until the further order of this court, and until the final hearing on the merits, unless, by reason of some conduct on the part of the Northwestern Company, the Consolidated Company shall make a motion for an early enforcement of the order. I further direct the Northwestern to pay all of the costs of this proceeding, and to pay into court for the use of the Consolidated Company, as a partial reimbursement of its expenses in bringing this matter to the court's attention, the sum of $200.